UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF SESSIONS, et al.<br><br>    Defendants. | No. 2:18-cv-0115 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Sacramento County Jail prisoner proceeding pro se. On April 13, 2018, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a) and found as follows:

> In his complaint, plaintiff seeks the overturning of federal criminal laws concerning possession of marijuana. However, plaintiff fails to present any coherent argument as to why any federal law concerning possession or sale of marijuana violates the United States Constitution. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted. Furthermore, plaintiff fails to point to anything suggesting he has standing to challenge any federal marijuana law. To satisfy the requirements of standing, a plaintiff must have suffered, or be threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005).
>
> For these reasons, plaintiff's complaint will be dismissed. Plaintiff will be given one opportunity to state an actionable claim in an amended complaint. . .

Plaintiff has now filed an amended complaint.

1

As the court has already informed plaintiff, pursuant to 28 U.S.C. § 1915A(a), the court must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff again asks that federal criminal laws concerning use and sale of marijuana be repealed. He also seeks damages for monetary harm suffered by him because of those laws.

Laws related to the regulation of cannabis were created by Congress pursuant to the Controlled Substances Act, 21 U.S.C. § 811. The Supreme Court has held that the creation of laws related to the criminalization of cannabis possession and sale were a valid exercise of Congress's authority under the Commerce Clause found in Article I, Section 8, Clause 3 of the Constitution. See Gonzales v. Raich, 545 U.S. 1, 22 (2005). As for damages, members of

Congress have absolute immunity "with respect to any speech, debate, vote, report or action done in session." Scheuer v. Rhodes, 416 U.S. 232, 240 (1974).

For these reasons, plaintiff has no claim for injunctive relief or for damages arising from the laws related to possession and sale of cannabis found in or emanating from the Controlled Substances Act. Plaintiff has again failed to state a claim upon which relief can be granted in this court. Plaintiff will not be given leave to attempt to cure the defects in his pleadings a second time, as that appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed;

2. This case be closed; and

3. This case be identified as a "strike" for purposes of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
hume0115.frs